SOBRINOS DE PORTILLA *v.* QUIÑONES.

APPEAL from the District Court of San Juan.

No. 103.—Decided February 19, 1906.

RETROACTIVE EFFECT OF LAW.—In the absence of an express provision to the contrary, laws are not retroactive.

ATTORNEYS' FEES—PRECEEDING FOR RECOVERY THEREOF.—Lawyers' fees as well as expenses and costs incurred in an action prior to the date upon which the present Code of Civil Procedure went into effect, are subject to the provisions of the old Law of Procedure and must be governed thereby.

The facts are stated in the opinion.
*Mr. Cuevas* for appellant.
The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

On March 7, 1904, Sobrinos de Portilla obtained a final judgment in their favor adjudging Nicolás Quiñones Cabezudo to pay them "1,652.43 *pesos*, or its equivalent in American gold, the balance of his account, with interest at the legal rate from the date he was summoned to answer the complaint, and the costs."

The date of this judgment shows that the proceedings were prosecuted in accordance with the procedure prescribed by the old law, as the present law did not go into effect until July 1, 1904.

Sobrinos de Portilla, through their counsel, Attorney Hilario Cuevillas Hernández, filed a motion in the District Court of San Juan praying that the secretary determine the amount

of the costs incurred at the instance of said Sobrinos de Portilla, which costs were to be paid by Nicolás Quiñones Cabezudo under the final judgment referred to.

On September 30, 1905, the San Juan court held that as in its opinion the only provisions in force relating to costs being section 327 *et seq.* of the Code of Civil Procedure in force, the motion could not be granted. From this order an appeal was taken, the record was sent to this Supreme Court, a brief was filed on behalf of the appellant, and an argument made at the hearing, the respondent not being present.

Section 3 of the Civil Code provides that laws shall not have a retroactive effect unless they expressly so decree.

The opinion of this court of December 24, 1904, in the case of *María Ríos, widow of Rubio,* v. *Petronila Patricia Ríos de Nova* (7 P. R. Rep., p. 584) was based on this principle, it being held therein that attorneys' fees earned prior to the date the Code of Civil Procedure went into effect were subject to the provisions of the former law of procedure.

Under these circumstances, where the same conditions exist, the same decision must be reached; wherefore, we must maintain the same opinion and now decide that the expenses and costs of the proceedings under the former procedure to and including the rendition of final judgment must be subject to it, in so far as the taxation of costs is concerned, especially when the present law, in addition to excluding from the costs the fees of counsel who took part in the proceedings and the schedule of fees governing the proceedings being different, prescribes other means of enforcing payment of such as are recognized by said law.

For this reason and in view of the provisions of section 36 of the Code of Civil Procedure in force, the order of the District Court of San Juan of September 30, 1905, should be reversed; and said court is directed to order that the taxation of the costs incurred at the instance of Sobrinos de Portilla be made in the manner prescribed by sections 420 *et seq.* of the former law of civil procedure, which costs have been

taxed against Nicolas Quiñones Cabezudo by final judgment.

*Reversed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary, and Wolf concurred.